

JS - 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | | |
|---|---|---|
| RUDOLPH ELLIS, | ) | No. CV 20-11563-JLS (PLA) |
| Petitioner, | ) | **ORDER DISMISSING PETITION** |
| v. | ) | |
| SUPERIOR COURT OF CALIFORNIA, | ) | |
| Respondent. | ) | |

## I.

## BACKGROUND

Rudolph Ellis ("petitioner") initiated this action on December 22, 2020, by filing a Petition for Writ of Habeas Corpus ("Petition").  Petitioner was convicted in 2007 of two counts of first degree murder (Cal. Penal Code § 187(a)) and two counts of assault with a firearm (Cal. Penal Code § 245(a)(2)), along with firearm and gang enhancements (Cal. Penal Code §§ 186.22(b), 12022.5(a), 12022.53(d)).[1] (ECF No. 1 at 2, 17-20).  Petitioner was originally sentenced to a term of 140 years and 8 months to life in state prison.  His sentence included, in relevant part, 10-year

---

[1] As petitioner is in custody pursuant to a state court judgment, the Court construes the Petition under 28 U.S.C. § 2254.

1    term enhancements on counts 1 and 3 (the first degree murder counts) pursuant to California

2    Penal Code § 186.22(b)(1)(C).  People v. Ellis, 2009 WL 3385754, at *1, *20 (Cal. App. 2 Dist.

3    Oct. 22, 2009).

4         On appeal, the California Court of Appeal reversed the judgment, finding that the trial court

5    erred in imposing the 10-year term enhancements on the first degree murder counts.  Rather, the

6    court of appeal explained, the trial court should have applied subdivision section 186.22(b)(5) to

7    those counts, which prohibits parole for a prisoner with a life sentence until the prisoner has

8    served a minimum of 15 calendar years.  The matter was remanded with instructions for the trial

9    court "to delete the 10-year consecutive term enhancements imposed on counts 1 and 3 pursuant

10    to Penal Code section 186.22, subdivision (b)(1)(C), and to provide 15-year minimum parole

11    eligibility dates on those counts pursuant to subdivision (b)(5) of Penal Code section 186.22."

12    Ellis, 2009 WL 3385754, at *20, *24.

13         On July 16, 2010, the trial court modified petitioner's sentence in accordance with the court

14    of appeal's instructions, resulting in a reduced term of 120 years and 8 months to life.  See People

15    v. Ellis, 2011 WL 2207478, at *1 (Cal. App. 2 Dist. June 8, 2011).  In relevant part, the trial court's

16    minute order addressing the sentence modification states:  "The ten year consecutive term

17    enhancement . . . as to counts 1 and 3 are stricken and the court orders a 15 year minimum parole

18    eligibility date pursuant to Penal Code Section 186.22(b)(5)."  (ECF No. 1 at 15-16).

19         Petitioner raises a single ground for relief in the Petition that challenges the accuracy of the

20    amended abstract of judgment that was prepared following the 2010 sentence modification.  He

21    asserts that "[a]lthough the trial court imposed a court order of a 15 year minimum parole eligibility

22    date[,] they failed to correct it in the abstract of judg[]ment, and only corrected it in petitioner's

23    minute orders."  (ECF No. 1 at 3).  As a consequence, his "sentence is incorrect and needs to be

24    recalculated."  (Id.).  Petitioner further asserts that, due to the failure to correct the enhancements

25    on the abstract of judgment, the California Department of Corrections and Rehabilitation ("CDCR")

26    calculated 2025 as the year he becomes eligible for parole -- which is nearly twenty years after

27    his incarceration began in 2006 -- and thus violates the trial court's 2010 minute order imposing

28    a minimum of fifteen years before petitioner may be eligible for parole.  (Id.).

## II.

## DISCUSSION

Following a careful review, the Court determines that the Petition should be dismissed for the reasons set forth below.

**A.    Failure to State a Cognizable Claim**

A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review").

Petitioner's allegations in the instant Petition do not present a federal question. Even if the abstract of judgment did not accurately reflect petitioner's sentence as he contends, his claim presents, at most, a state law issue. Accordingly, petitioner's ground for relief is not cognizable on federal habeas review.[2] See, e.g., Uy v. Hill, 2019 WL 5420277, at *2-3 (C.D. Cal. Oct. 23, 2019) (claim that an error in the abstract of judgment prevented the CDCR from correctly

_____

[2]    Similarly, to the extent petitioner is challenging the calculation of his minimum eligible parole date, his claim is not cognizable as it only involves state law issues. Moreover, the Court notes that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (quotations and citation omitted). A habeas petition is the exclusive vehicle for claims brought by state prisoners that fall within "the core of habeas." Id.; see Preiser v. Rodriguez, 411 U.S. 475, 487-88, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (the "core of habeas corpus" is an attack on "the very duration of [a prisoner's] physical confinement"). Where success on a petitioner's habeas claim would not necessarily lead to his immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." Nettles, 830 F.3d at 934-35.

Here, even if petitioner received an earlier minimum eligible parole date, that would not necessarily lead to his earlier release from confinement. At this point, it is entirely speculative whether petitioner will be granted parole after he becomes eligible, as the parole board reviews many factors prior to making a parole suitability determination. See Cal. Code Regs. tit. 15, § 2281(b). Thus, because an earlier parole hearing will not necessarily affect the duration of petitioner's confinement, the Court lacks habeas jurisdiction over any challenge to the calculation of his minimum eligible parole date.

calculating the petitioner's sentence was not cognizable on federal habeas review); Hernandez v. Spearman, 2018 WL 3202672, at *14 (C.D. Cal. Jan. 22, 2018) ("Even if the abstract of judgment did not correctly reflect petitioner's sentence, petitioner's claim would raise, at most, an issue of state law not cognizable on federal habeas review."), report and recommendation accepted, 2018 WL 2095845 (C.D. Cal. May 4, 2018); Stewart v. Super. Ct. of Riverside, 2016 WL 519630, at *3 (C.D. Cal. Feb. 8, 2016) ("Even [if] the California Superior Court somehow made an error in completing the Amended Abstract of Judgment that is strictly an administrative issue with the state court and does not state a federal question or a constitutional violation.").      In any event, contrary to petitioner's assertions, the amended abstract of judgment attached to the Petition correctly reflects the modified sentence.  (See ECF No. 1 at 17-20).  Consistent with the trial court's 2010 minute order striking the 10-year term enhancements as to counts 1 and 3, there are no 10-year term enhancements listed for counts 1 and 3 in the amended abstract of judgment. The amended abstract of judgment also includes the following language:  "Pursuant to the Order of the Court of Appeal, defendant must serve a minimum of 15 calendar years on counts 1 and 3 before he is eligible for parole." [3]  (Id. at 17-18).  Thus, even if petitioner's claim were cognizable, it lacks support, as there is no apparent discrepancy between the 2010 minute order and the amended abstract of judgment.

**B.    The Petition Is Unexhausted**

Dismissal is also warranted for failure to exhaust state court remedies.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available

---

[3]    Per the California Court of Appeal's instructions, the trial court ordered the 10-year term enhancements under § 186.22(b) to be stricken *for counts 1 and 3*.  The section 186.22(b) term enhancements remained in effect for counts 4 and 5 (assault with a firearm).  (See ECF No. 1 at 19).

in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that a petitioner's contentions be fairly presented to the state supreme court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

Petitioner has the burden of demonstrating that exhaustion was completed.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).  Here, there is no indication that petitioner has presented the instant claim to the California Supreme Court.  Accordingly, dismissal of the Petition for failure to exhaust is appropriate.

**C.    The Petition Appears to Be Successive and Untimely**

Although the Court finds dismissal is warranted for failure to state a cognizable claim and failure to exhaust, additional grounds for dismissal may exist.

First, it appears that the Petition may be successive.  A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam).  A successive claim that was not presented in a prior habeas petition must be dismissed unless certain exceptions apply.[4]  See 28 U.S.C. § 2244(b)(2)(A), (B).  Even when an exception applies that

[4]    A successive claim that was not raised in a prior petition shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(continued...)

1  prevents dismissal, there is an additional hurdle:  before filing in the district court, a petitioner must

2  request and obtain an order from the court of appeals that authorizes the district court to consider

3  the successive petition.  28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.

4  Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the court

5  of appeals before filing a second habeas petition).

6       The Court notes that, several years after the amended judgment was issued in 2010,

7  petitioner filed a federal habeas petition on February 11, 2013, in Case No. CV 13-993-JLS (PLA),

8  in which he challenged his conviction (the "2013 Petition").  (See CV 13-993, ECF No. 1).  The

9  2013 Petition was dismissed on the merits with prejudice, and judgment was entered on May 8,

10  2014.  (Id., ECF Nos. 31-33).  The Ninth Circuit rejected petitioner's notice of appeal as untimely.

11  (Id., ECF No. 58).

12       Given the above timeline, petitioner could have raised the instant claim disputing the

13  amended abstract of judgment in his 2013 Petition.  Accordingly, as the 2013 Petition was

14  dismissed on the merits with prejudice, the instant Petition appears to be successive.

15       Additionally, it appears the instant Petition was filed after the expiration of the one-year

16  statute of limitations for federal habeas claims.  See 28 U.S.C. § 2244(d).  In most cases, the

17  limitations period starts to run from "the date on which the judgment became final by conclusion

18  of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

19  This period is "statutorily tolled" while a "properly filed application for State post-conviction or other

20  collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. §

21  2244(d)(2).

22  

---

23  [4](...continued)
    (B)(i) the factual predicate for the claim could not have been discovered previously

24      through the exercise of due diligence; and

25      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a

26      whole, would be sufficient to establish by clear and convincing evidence that, but for

27      constitutional error, no reasonable factfinder would have found the applicant guilty
    of the underlying offense.

28  28 U.S.C. § 2244(b)(2)(A), (B).

Here, after petitioner's sentence was modified in 2010, he unsuccessfully appealed the amended judgment, with the California Court of Appeal denying his appeal on June 8, 2011, and the California Supreme Court denying review on August 17, 2011.  He also filed a round of habeas petitions in the California courts.  His final state petition was denied by the California Supreme Court on February 27, 2013.[5]  (See CV 13-993, ECF No. 31 at 2).  There is no indication that petitioner filed any subsequent state habeas petitions.  Thus, even if statutory tolling applied through February 2013 when petitioner's final state habeas petition was denied, the one-year limitations period would have expired long before the instant Petition was filed on December 22, 2020.[6]

## III.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA").  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000).

---

[5]    Although petitioner indicates in the Petition that the California Court of Appeal denied an appeal in 2015, and that the California Supreme Court denied review in 2016 (see ECF No. 1 at 4), no record of these filings was found on the California Appellate Courts Case Information website.  (See https://appellatecases.courtinfo.ca.gov/).

[6]    While the one-year statute of limitations is subject to equitable tolling, there is no indication that petitioner could satisfy the requirements for such tolling by showing (1) he had been pursuing his rights diligently, and (2) an "extraordinary circumstance" stood in his way that prevented him from timely filing.  See Holland v. Florida, 560 U.S. 631, 645, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

Here, petitioner has not made a substantial showing that he was deprived of a constitutional right.  Furthermore, reasonable jurists would find that the Court correctly determined that the Petition should be dismissed for failure to state a cognizable claim and failure to exhaust. Accordingly, a certificate of appealability is **denied**.

## IV.

## ORDER

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice** for failure to state a cognizable claim and failure to exhaust.  A certificate of appealability is also **denied**.

DATED:   January 19, 2021

/s/   JOSEPHINE L. STATON
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE